IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02112-CMA-SKC

SMITH SPORT OPTICS, INC., and
KOROYD SARL,

    Plaintiffs,

v.

THE BURTON CORPORATION,

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY**

---

This matter is before the Court on Plaintiffs' Smith Sport Optics, Inc. and Koroyd Sarl's (collectively "Plaintiffs") Motion to Lift Stay (Doc. # 78). For the following reasons, the Motion is granted.

## I.    BACKGROUND

The Court incorporates its previous recitation of the background of this case as stated in its Order Granting Motion to Stay. (Doc. # 74 at 1-2). On March 22, 2022, the Court stayed this case pending resolution of a petition for *inter partes* review ("IPR") initiated by Defendant The Burton Corporation before the Patent Trial and Appeal Board ("PTAB"). The PTAB denied Defendant's petition on July 5, 2022. (Doc. # 82 at 7.) As a result, Plaintiffs now seek to reopen this case. (Doc. # 78.) Defendant objects to reopening at this time, arguing the denial of the petition for IPR is not yet final—

rendering Plaintiffs' motion premature—pending Defendant's request for rehearing which was due August 5, 2022. (Doc. # 82 at 7.) The parties have not notified the Court of any decision on this request and thus, the Court presumes it remains pending before the PTAB.

## II.   DISCUSSION

In its prior order staying this case, the Court assessed the four factors identified in *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784 (D. Colo. 2007), and ultimately determined a stay pending a decision on the IPR petition was warranted due to the potential for review by the PTAB to narrow the claims and simplify the issues before this Court. (Doc. # 74 at 11.) The PTAB has now denied Defendant's petition, indicating it found no "reasonable likelihood that at least one of the claims challenged in the petition is unpatentable." 37 C.F.R. § 42.108(c). Thus, although Defendant correctly notes that several of the *eSoft* factors remain unchanged, the potential for IPR review to simplify and streamline current proceedings is now unlikely. Further, continued delay beyond the issuance of the PTAB's decision increases the likelihood that Plaintiffs will be prejudiced, particularly considering their direct competition with Defendant. (Doc. # 74 at 9-10).

The Court recognizes Defendant has the right, and appears ready to exercise that right, to request rehearing of their denied petition. (Doc. # 82 at 5); 27 C.F.R. § 42.71(d)(2). Should rehearing be granted and IPR proceedings instituted, Defendant may file another Motion to Stay. However, given the purpose of the stay—allowing the expert administrative patent judges within the U.S. Patent and Trademark Office to

review the validity of Plaintiffs' patent (Doc. # 74 at 4)—is no longer applicable, further delay of this case is not currently warranted.

### III.     CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) Plaintiffs' Motion to Lift Stay (Doc. # 78) is GRANTED;

(2) The stay is hereby lifted, and this case is REOPENED for further proceedings;

(3) Plaintiffs' Motion for Oral Argument Re: Motion to Lift Stay (Doc. # 87) is DENIED as the Court has determined oral argument is not necessary at this time; and

(4) The parties are DIRECTED to contact Magistrate Judge Crews' Chambers for resetting of pertinent deadlines.

DATED:  October 19, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge