IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-02112-CMA-SKC

SMITH SPORT OPTICS, INC., *et al.*,

        Plaintiffs,

v.

THE BURTON CORPORATION,

        Defendant.

---

ORDER RE: MOTION TO AMEND INFRINGEMENT CONTENTIONS [DKT. 94]

---

Plaintiffs Smith Sport Optics, Inc. and Koroyd Sarl are the co-owners of U.S. Patent No. 10,736,373 (the '373 Patent) entitled "Helmet with Shock Absorbing Inserts." *Smith Sport Optics, Inc. v. Burton Corp.*, 601 F. Supp. 3d 936, 938 (D. Colo. 2022). Plaintiffs sell skiing, snowboarding, and biking helmets based on the technology in the '373 Patent under the Smith brand. *Id.* According to Plaintiffs' pleadings, Defendant Burton Corporation sells skiing and snowboarding helmets under the Anon brand using Plaintiffs' patented technology and infringing on claims 1, 2, 3, and 7 of the '373 Patent. *Id.*

In January 2021, prior to filing this action, Plaintiffs sent Burton notice that its Merak and Logan helmets infringed the '373 Patent. The notice included an analysis demonstrating element-by-element infringement of claims 1 and 12 of the

1

patent. Burton denied Plaintiffs' claims of infringement and argued all claims of the '373 Patent were invalid. [Dkt. 94 at pp.5-6.]

According to Plaintiffs, while preparing the complaint and motion for preliminary injunction to commence this action, Plaintiffs' attorneys noticed a scrivener's error in claim 12, which created potential for invalidity. Because Plaintiffs sought to first correct claim 12 with the Patent Office, they proceeded to file the Complaint in this matter asserting "at least claims 1-3 and 7" and leaving out claims 12-15.[1] [Dkt. 1 at ¶¶36, 48.] One day before Plaintiffs served their initial infringement contentions, Burton filed a petition for *inter parties* review (IPR) and moved to stay the case. [Dkt. 60.] Senior District Judge Arguello granted the stay pending the Patent Trial and Appeal Board's determination. [Dkt. 74.]

In March 2022, during the pendency of Burton's IPR petition, Plaintiffs' litigation counsel belatedly realized the Patent Office had issued a certificate of correction applicable to claim 12. [Dkt. 94-1 at ¶11.] Consequently, Plaintiffs prepared amended infringement contentions now including claims 12-15 and, on April 6, 2022, served them on Burton. [*Id.*] Burton did not state any objections to the amendments at that time. [*Id.*] Thereafter, in September 2022, Plaintiffs also learned Burton planned on releasing a new helmet called the Oslo. [*Id.* at ¶12.] After purchasing and analyzing the Oslo helmet, Plaintiffs prepared and served their

---

[1] According to Plaintiffs, claim 13-15 are dependent on claim 12.

Second Amended Infringement Contentions now including the new helmet. [*Id*. at ¶¶14-15.]

Following the Patent Trial and Appeal Board's denial of Burton's IPR petition, Judge Arguello lifted the stay and referred the matter to this Court for a further scheduling conference. [Dkt. 88.] During the conference, the Court and the parties discussed Burton's objections to Plaintiffs' amended infringement contentions. The Court concluded the most expeditious manner of proceeding would be to first determine whether Plaintiffs' amendment was appropriate.

Plaintiffs filed their Motion to Amend Infringement Contentions on December 22, 2022. [Dkt. 94.] Burton opposes amendment arguing Plaintiffs have failed to demonstrate good cause and Burton would be prejudiced by the amendment. The Court has carefully reviewed the Motion and related briefing, the evidence, the relevant law, and the entire case file. No hearing is necessary. For the following reasons, Plaintiffs' Motion is GRANTED.

## ANALYSIS

"The Local Patent Rules contemplate two sets of Infringement Contentions." *Cocona, Inc. v. VF Outdoor, LLC*, No. 16-CV-02703-CMA-MLC, 2022 WL 462074, at *2 (D. Colo. Feb. 15, 2022). The parties first provide early notice via their initial contentions and then, after the claim construction order is filed, the party asserting infringement must serve the final set of infringement contentions. D.C.COLO.LPtR 4, 16. Contentions are intended to ensure that parties "crystalize their theories of the

3

case early in litigation so as to prevent the shifting sands approach" to the case. *Wyers Prods. Group, Inc. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2015 WL 3494718, at *2 (D. Colo. Jun. 2, 2015).

"The Federal Circuit requires parties 'to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.'" *Crocs, Inc. v. Effervescent, Inc.*, No. 06-CV-00605-PAB-KMT, 2017 WL 5171332, at *2 (D. Colo. Nov. 8, 2017) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)). Although Colorado's local patent rules do not directly address a proposed amendment to infringement contentions occurring prior to the final set, courts in this District have permitted amendment as soon as new information is discovered. *Id.* (citing *Wyers Prods. Grp., Inc. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2015 WL 3494718, at *2 (D. Colo. June 2, 2015)). As Senior District Judge Blackburn noted in *Wyers*, the purpose of early contention disclosure, as well as prompt amendment, is to shape the course of discovery and trial preparation. *Wyers Prods. GRP., Inc.*, 2015 WL 3494718 at *2.

Both the Federal Circuit and this court's local rules require any amendments to be supported by a showing of good cause. *O2 Micro Int'l Ltd.*, 467 F.3d at 1366 D.C.COLO.LPtR 16(a)(3). "Under this guidance, courts have held that the good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Crocs, Inc.*, 2017 WL 5171332, at *3.

4

With respect to diligence, Plaintiffs contend they did not include claims 12-15 in the initial infringement contentions because they first wanted to correct the scrivener's error in claim 12 of the patent, lest it result in invalidity. [Dkt. 94 at pp.5-7.] Plaintiffs note that within one month of learning the error was corrected, they amended and served their infringement contentions to include claims 12-15.[2]

Although Burton apparently questions the veracity of Plaintiffs' reason, this Court does not. Plaintiffs' counsel is an officer of the court, and as such, the Court takes him at his word that the failure to include claims 12-15 earlier was a result of human error. Furthermore, contrary to Burton's assertions otherwise, it is clear Plaintiffs intended to pursue claim 12—as opposed to later discovering the basis for the claim—from the outset. Plaintiffs listed claim 12 in the initial infringement letter, which further supports Plaintiffs' position that they would have amended sooner, were it not for counsel's oversight. Consequently, because counsel moved to amend within one month of discovering that claim 12 had been corrected, the Court finds Plaintiffs were diligent in seeking amendment.

Turing to the second element of the good cause analysis, the Court is not persuaded Burton would be prejudiced by the proposed amendments. First, minimal discovery has taken place. The matter was stayed—at Burton's request—pending the

---

[2] Plaintiffs further explain that their patent prosecution counsel, which is in a different state from its litigation counsel, sent one email regarding the correction to litigation counsel in June 2021. Due to changes in counsel and focus on preparing the initial contentions, Plaintiffs' counsel apparently overlooked the email and the correction. [Dkt. 94 at pp.8-9.]

5

resolution of Burton's IPR. Although the stay has been lifted, the Court has postponed setting the new schedule to first resolve the issue of amendment. Thus, there is little risk the parties will now have to duplicate discovery efforts. Indeed, permitting amendment at this stage, rather than making Plaintiffs wait until their final infringement contentions, will help shape the course of discovery and trial preparation and ensure the parties reach a result based on the merits of the case.

Burton's arguments of prejudice also fall flat given it has known of Plaintiffs' infringement contentions regarding claim 12 from the beginning. To be sure, Burton challenged claims 12, 13, and 15 in its IPR petition, which it filed the day *prior* to receiving Plaintiffs' initial infringement contentions. Burton's argument that it was entitled to rely on Plaintiffs' exclusion of claims 12-15 would be more persuasive if Burton had not already pursued (and lost) on these claims. Although Burton suggests its IPR strategy would have been different had it known Plaintiffs intended to include claims 12-15, it offers no specifics and thus any suggestion of prejudice is too vague to carry the day.

Finally, the Court agrees with Plaintiffs that because Burton generally does not oppose the inclusion of its new Oslo helmet, claims 12-15 will nevertheless be at issue in this case. As Plaintiffs correctly observe, even if the Court were inclined to exclude claims 12-15 from this matter, they could simply initiate a separate case regarding the Oslo helmet and move to consolidate the two matters, ultimately folding in claims 12-15. In keeping with its responsibilities under Rule 1 to secure the

6

just, speedy, and inexpensive determination of every action and proceeding, the Court chooses to avoid such inefficiencies and wasted time and money. *See* Fed. R. Civ. P. 1.

For the foregoing reasons, the Court finds there is good cause to permit Plaintiffs to amend their initial infringement contentions to include allegations for the Oslo helmet and for claims 12-15 of the '373 Patent as against all the accused helmets.

\*   \*   \*

For the foregoing reasons, Plaintiffs' Motion to Amend Infringement Contentions [Dkt. 94] is GRANTED. This matter is set for a Telephonic Scheduling Conference on June 8, 2023, at 9:30 AM. The parties shall submit the proposed Scheduling Order on or before June 1, 2023.

DATED: May 22, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge