**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-02112-CMA-SKC

SMITH SPORT OPTICS, INC., and
KOROYD SARL,

      Plaintiffs,

v.

THE BURTON CORPORATION,

      Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

---

This matter is before the Court on Plaintiffs Smith Sport Optics, Inc. and Koroyd Sarl's (collectively "Plaintiffs") Motion for Leave to File Sur-Reply (Doc. # 118) in Opposition to Defendant's Opening Claim Construction Brief (Doc. # 106). For the following reasons, the Court denies the Motion.

This is a patent infringement case in which Plaintiffs allege that Defendant The Burton Corporation ("Burton") has infringed upon their patent, entitled "Helmet with Shock Absorbing Inserts," U.S. Patent No. 10,736,373. (Doc. # 1 at ¶¶ 1, 4.) The parties filed a Joint Disputed Claim Terms Chart on July 28, 2023. (Doc. # 105.) Pursuant to Local Patent Rule 14, in their Disputed Claim Chart parties were required to "identify[] the disputed claim terms . . . with citations to supporting intrinsic and extrinsic evidence." D.C.COLO.LPtR 14.

Accompanying the proposed constructions of every disputed term or phrase, Plaintiffs identified "Testimony of Dr. Stephanie Bonin"—without further detail or specification—as extrinsic evidence they intended to rely upon. (Doc. # 105 at 4–14.) In their Statement preceding the claim chart, Burton asserted that "[m]erely naming an expert does not constitute the disclosure of whatever evidence that expert will purportedly prove" as required by Rule 14. (*Id.* at 1–2.) Accordingly, Burton requested additional information regarding Dr. Bonin's proposed testimony, but Plaintiffs declined to provide further details. (*Id.*) Burton accordingly, "reserve[d] the right to submit its own expert testimony as part of its own claim construction briefing." (*Id.*) However, Burton did not list any expert testimony as evidence in support of its proposed constructions of disputed terms.

Plaintiffs disagreed with Burton's interpretation of Rule 14, arguing that "[d]emanding that a party have an expert declaration completed before the disputed terms and constructions are finalized is unreasonable and illogical, which is why the Local Patent Rules do not require it." (*Id.* at 2–3.) Rather, Plaintiffs asserted that they are only required to present the substance of their expert testimony in their response to Burton's opening claims construction brief. (*Id.* at 3.) Plaintiffs further pointed out that Burton is granted both the opening and reply brief. (*Id.*)

Burton filed its Opening Claims Construction Brief (Doc. # 106) on August 25, 2023. Plaintiffs timely followed with their Response (Doc. # 111), accompanied—as indicated in the joint terms chart—by Dr. Bonin's expert declaration. (*Id.* at 30–43; Doc. # 112.) On September 22, 2023, Burton filed its Reply. (Doc. # 116.) Submitted with the

Reply and cited therein, for the first time within the claim construction briefing context, is a declaration by Burton's retained expert Steven Copeland, as well as previously-submitted testing and a declaration by Burton's expert Dr. Michael Bottlang. (*Id.* at 16–17); *see also* (Docs. ## 39, Doc # 117.)

On October 4, 2023, Plaintiffs filed the instant Motion for Leave to File Sur-Reply. (Doc. # 118.) Therein, Plaintiffs argue that they should be permitted to file a sur-reply to point out contradictions and issues with Burton's newly cited expert evidence. (*Id.* at 1–2.) Burton filed a response opposing Plaintiffs' Motion. (Doc. # 120.) The Court exercises its discretion under D.C.COLO.LCivR 7.1(d) to rule on the Motion without awaiting the benefit of reply.

Sur-replies are not contemplated by this district's local rules and are generally disfavored. *See* D.C.Colo.LCivR. 7.1(d) (describing the procedure for filing only a motion, response, and reply); *Cont'l W. Ins. Co. v. Colony Ins. Co.*, No. 13-cv-01425-WYD-MJW, 2014 WL 2536519, at *2 (D. Colo. June 5, 2014). However, courts in this district will permit sur-replies in exceptional circumstances, such as when new information is raised for the first time in a movant's reply. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The Tenth Circuit has explained that consideration of issues raised for the first time in a reply brief "robs the [non-moving party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Thus, when new arguments are inserted into a reply, a court "may avoid error by (1)

choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply." *E.E.O.C. v. Outback Steak House*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006).

Upon careful review of the claim construction briefing and the briefing related to Plaintiffs' Motion for Leave to File Sur-Reply, the Court sees no reason to grant Plaintiffs leave to file a sur-reply in this instance. The declaration of Mr. Copeland and the testing of Dr. Bottlang, cited by Burton in its Reply, is relied upon to rebut evidence presented in Plaintiffs' Response. (Doc. # 116 at 16–17.) As such, the Court concludes that these citations do not constitute new arguments necessitating a sur-reply. Rather, it is entirely appropriate in a Reply for a party to respond to evidence—the substance of which was previously undisclosed despite a timely request—cited by Plaintiffs in their Response. *See Rothenberg v. Standard Ins. Co.*, No. 11-cv-01906-WHYD-KMT, 2012 WL 2126846, at *2 (D. Colo. June 12, 2012) (noting that the Federal Rules of Civil Procedure do "not permit parties to further rebut rebuttal expert disclosures.") The Court, having both parties' respective expert declarations before it, can assess the declarations and the evidence cited therein.

Further, the Court agrees that, particularly without the requested specifications regarding Dr. Bonin's testimony, at the time Burton wrote its Opening Claim Construction brief, there was no means for it to rebut that testimony. On the other hand, Plaintiffs, having the benefit of Burton's arguments and evidence when crafting their own Response, will not now be permitted a sur-reply. *See Rothenberg*, 2012 WL 2126846, at *2. The Court also concurs that Burton was not required to reference Mr.

Copeland's declaration or Dr. Bottlang's testing in the joint disputed claim terms chart because they did not rely on this evidence in support of their own construction arguments. *See* D.C.COLO.LPtR 14.

Finally, the Court disagrees with Plaintiffs' assertions that reading Rule 14 to require that a party relying on expert testimony must present the substance of that testimony in the joint claim terms chart is "unreasonable and illogical." (Doc. # 105 at 2.) The Court notes that where a party chooses to rely on expert testimony in support of claim construction arguments, many sister courts explicitly require that the substance of that testimony be disclosed prior to claim construction briefing. *See, e.g.*, *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-cv-00135-JRG, 2019 WL 5373021, at *1–2 (E.D. Tex. Mar. 19, 2019) (explaining that Eastern District of Texas' Local Patent Rule 4-3 requires "that each party 'simultaneously serve a disclosure of expert testimony . . . for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position'" in order to "give notice to opposing parties of the expert opinions and the grounds for those opinions upon which the party intends to rely."); *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-03590-JST, 2017 WL 2335377, at *2 (N.D. Cal. May 30, 2017) (noting that in the Northern District of California, Patent Local Rule 4-2(b) "requires parties who may rely on expert testimony to 'provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction' when the parties exchange their preliminary proposed constructions for disputed claim terms and evidence). Although

this Court does not specify such a requirement, the Court declines to consider sister courts which do "unreasonable and illogical."

In sum, the Court finds that Burton does not raise any information or arguments in their Reply necessitating a sur-reply.

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Leave to File Sur-Reply (Doc. # 118) is DENIED.

DATED: October 13, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge